# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**ACNR RESOURCES, INC.,**
**Employer Below, Petitioner**

**vs.) No. 22-ICA-302**        (JCN: 2022001849)

**MICHAEL SADALY,**
**Claimant Below, Respondent**

**FILED**

**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner ACNR Resources, Inc.[1] ("ACNR") appeals the November 9, 2022, order of the Workers' Compensation Board of Review ("Board"). Respondent Michael Sadaly filed a timely response.[2] ACNR did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order which denied authorization for an OSKA Pulse device.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Sadaly suffered an injury to his left shoulder on July 26, 2021, while employed by ACNR. Mr. Sadaly reported that he was reaching behind himself to close a truck door and felt a sharp pain, burning, and a pop in his left shoulder. Mr. Sadaly was seen by Cheryl Doyle, N.P., the day of the injury. Ms. Doyle noted that Mr. Sadaly's left shoulder flexion, extension, and external rotation were limited by pain. An x-ray of Mr. Sadaly's left

---

[1] For reasons not readily apparent in the appendix record, the petitioner has substituted "Marshall County Coal Resources, Inc." for the employer that was identified below as "ACNR Resources, Inc." Consistent with the action of the Supreme Court of Appeals of West Virginia in *Delbert v. Murray American Energy, Inc.*, __ W. Va. __, __ n.1, 880 S.E.2d 89, 92 n.1 (2022), we use the name of the employer as designated in the order on appeal: ACNR Resources, Inc.

[2] ACNR is represented by Aimee M. Stern, Esq. Mr. Sadaly is represented by J. Thomas Greene, Jr., Esq. and T. Colin Greene, Esq.

1

shoulder was performed and showed no significant bone or joint pathology. Ms. Doyle diagnosed Mr. Sadaly with an unspecified sprain of the left shoulder.

On August 9, 2021, the claim administrator issued an order holding this claim compensable for an unspecified sprain of the left shoulder joint. On August 12, 2021, the claim administrator issued an order granting Mr. Sadaly temporary total disability ("TTD") benefits beginning on August 2, 2021.

Mr. Sadaly underwent a left shoulder MRI on August 12, 2021. The MRI showed rotator interval synovitis with enlargement and non-retracted interstitial tearing of the long head of the biceps; mild-to-moderate tendinopathy of the infraspinatus with no significant rotator cuff tearing; and mild glenohumeral and acromioclavicular ("AC") osteoarthritis. Mr. Sadaly began undergoing physical therapy on August 13, 2021.

On August 25, 2021, Mr. Sadaly saw Dante Marra, M.D., an orthopedic surgeon. Mr. Sadaly reported that he had previous "issues" with his left shoulder. Dr. Marra noted that Mr. Sadaly's MRI showed rotator cuff tendinopathy, along with a bicep tendon partial rupture and AC degenerative joint disease. Dr. Marra's diagnoses were left shoulder rotator cuff tendinopathy, biceps tendon partial rupture, AC degenerative joint disease, and impingement.

Mr. Sadaly had a follow-up visit with Dr. Marra on October 4, 2021, where he continued to complain of shoulder pain and difficulty with any use of his shoulder. Dr. Marra recommended arthroscopic surgery to treat Mr. Sadaly's left shoulder. Mr. Sadaly underwent left shoulder arthroscopy surgery performed by Dr. Marra on April 6, 2022. Dr. Marra's post-operative diagnoses were left shoulder rotator cuff tear and impingement syndrome, AC degenerative joint disease, biceps tendon partial rupture, and posterior labral tear.

On April 20, 2022, Mr. Sadaly followed up with Dr. Marra. Mr. Sadaly reported that he was doing well and had only mild pain. On May 3, 2022, Mr. Sadaly started post-surgical physical therapy. Mr. Sadaly followed up with Dr. Marra on May 16, 2022. Dr. Marra found good range of motion in the right shoulder, including full overhead motion but with significant pain; positive impingement; marked AC tenderness; and moderate pain and weakness with rotator cuff testing. On June 10, 2022, Mr. Sadaly returned to Dr. Marra. Mr. Sadaly reported pain, but Dr. Marra found good range of motion and improving strength. A left shoulder x-ray showed good position of the hardware with no evidence of any complication. Dr. Marra recommended an OSKA Pulse device to assist with pain and inflammation.

The claim administrator issued an order dated June 27, 2022, denying authorization for the OSKA Pulse device. On July 7, 2022, Dr. Marra requested that the claim administrator reconsider the denial of authorization for the OSKA Pulse device. The claim

administrator issued an order dated July 15, 2022, withholding a ruling on his request pending receipt of the independent medical examination ("IME") report of Prasadarao Mukkamala, M.D.

On July 26, 2022, Dr. Mukkamala performed an IME of Mr. Sadaly. Mr. Sadaly reported pain in his left shoulder when elevating the arm while lifting anything heavy. Dr. Mukkamala concluded that Mr. Sadaly had "tentatively" reached maximum medical improvement ("MMI") but recommended an additional four weeks of physical therapy. Dr. Mukkamala disagreed with the request for an OSKA Pulse device. Dr. Mukkamala opined that the physical therapy Mr. Sadaly was receiving was adequate to accomplish the post-operative goals. The claim administrator issued a second order on July 28, 2022, denying Dr. Marra's request for reconsideration of the OSKA Pulse device based upon Dr. Mukkamala's report.

A physical therapy progress note was completed on August 2, 2022, by Mikaela Dyar, P.T. Ms. Dyar found that Mr. Sadaly had tolerated physical therapy well without reports of increased pain. Ms. Dyar opined that Mr. Sadaly displayed no functional limitations and would be able to wean from formal physical therapy to self-management pending physician approval.

On August 31, 2022, Mr. Sadaly was re-examined by Dr. Mukkamala. Mr. Sadaly reported that although his left shoulder had improved, he was still experiencing pain. Dr. Mukkamala concluded that Mr. Sadaly's compensable injury had reached MMI and required no further treatment. Dr. Mukkamala found a 2% upper extremity impairment due to Mr. Sadaly's decreased left shoulder range of motion, which he converted to a 1% whole person impairment.

The Board issued an order dated November 9, 2022, reversing the claim administrator's orders dated June 27, 2022, and July 28, 2022, which denied Mr. Sadaly's request for authorization of an OSKA Pulse device. The Board found that Mr. Sadaly had established that the OSKA Pulse device was reasonable and medically necessary for treatment. ACNR now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;

3

(2) In excess of the statutory authority or jurisdiction of the Board of Review;
(3) Made upon unlawful procedures;
(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, __, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, ACNR argues that Mr. Sadaly's physical therapy progress notes indicate that he does not need the OSKA Pulse device to treat pain and inflammation because those symptoms are being adequately treated with physical therapy. ACNR further argues that the Board erred in finding that Dr. Marra was in the best position to know whether the OSKA Pulse device was medically necessary. We disagree.

Upon review, we conclude that the Board was not clearly wrong in finding that Mr. Sadaly established that the OSKA Pulse device was reasonably required and medically necessary for the treatment of inflammation and pain. Further, the Board was not clearly wrong in finding that Dr. Marra, as Mr. Sadaly's treating physician, was in the best position to know whether OSKA Pulse device was medically necessary.

Finding no error in the Board's November 9, 2022, order, we affirm.

Affirmed.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen